WELLS, Chief Judge.
(Concurring).
I agree that the relocation order on review must be reversed because the court below failed to follow the dictates of section 61.13001(6) of the Florida Statutes. That provision states that a temporary relocation request may be granted when two conditions are met: first, when a proper petition is filed, and second, when evidence presented provides a factual basis likely to support permanent relocation under section 61.13001(7) [1]:
(b) The court may grant a temporary order permitting the relocation of the *344 child pending final hearing, if the court finds:
1. That the petition to relocate was properly filed and is otherwise in compliance with subsection (3); and
2. From an examination of the evidence presented at the preliminary hearing, that there is a likelihood that on final hearing the court will approve the relocation of the child, which findings must be supported by the same factual basis as would be necessary to support approving the relocation in a final judgment.
§ 61.13001(6), Fla. Stat. (2010) (emphasis added); see also § 61.13001(8), Fla. Stat. (2010) (providing “Burden of proof. — The parent or other person wishing to relocate has the burden of proving by a preponderance of the evidence that relocation is in the best interest of the child. If that burden of proof is met, the burden shifts to the nonrelocating parent or other person to show by a preponderance of the evidence that the proposed relocation is not in the best interest of the child”) (emphasis added).
Because no evidence was adduced below, these statutory mandates could not have been met. As Canakaris v. Canakaris, 382 So.2d 1197, 1202-3 (Fla.1980) (citations omitted), long ago explained:
In order to properly review orders of the trial judge, appellate courts must recognize the distinction between an incorrect application of an existing rule of law and an abuse of discretion. Where a trial judge fails to apply the correct legal rule, as when he refuses to terminate periodic alimony upon remarriage of the receiving spouse, the action is erroneous as a matter of law. This is not an abuse of discretion. The appellate court in reviewing such a situation is correcting an erroneous application of a known rule of law.
*345 However, where the action of the trial judge is within his judicial discretion, as in the establishment of the amount of alimony or award of child custody, the manner of appellate review is altogether different.
Judicial discretion is defined as:
The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court.
[[Image here]]
Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.
In short, because the court below failed to comply with the mandates of section 61.13001, it erred as a matter of law in ordering temporary relocation. I therefore agree that the order must be reversed.

. This provision requires evaluation of the following criteria:
(a) The nature, quality, extent of involvement, and duration of the child's relationship with the parent or other person proposing to relocate with the child and with the nonrelocating parent, other persons, siblings, half-siblings, and other significant persons in the child's life.
*344 (b) The age and developmental stage of the child, the needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development, taking into consideration any special needs of the child.
(c) The feasibility of preserving the relationship between the nonrelocating parent or other person and the child through substitute arrangements that take into consideration the logistics of contact, access, and time-sharing, as well as the financial circumstances of the parties: whether those factors are sufficient to foster a continuing meaningful relationship between the child and the nonrelocating parent or other person; and the likelihood of compliance with the substitute arrangements by the relocating parent or other person once he or she is out of the jurisdiction of the court.
(d) The child’s preference, taking into consideration the age and maturity of the child.
(e) Whether the relocation will enhance the general quality of life for both the parent or other person seeking the relocation and the child, including, but not limited to, financial or emotional benefits or educational opportunities.
(f) The reasons each parent or other person is seeking or opposing the relocation.
(g) The current employment and economic circumstances of each parent or other person and whether the proposed relocation is necessary to improve the economic circumstances of the parent or other person seeking relocation of the child.
(h) That the relocation is sought in good faith and the extent to which the objecting parent has fulfilled his or her financial obligations to the parent or other person seeking relocation, including child support, spousal support, and marital property and marital debt obligations.
(i) The career and other opportunities available to the objecting parent or other person if the relocation occurs.
(j) A history of substance abuse or domestic violence as defined in s. 741.28 or which meets the criteria of s. 39.806(l)(d) by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
(k) Any other factor affecting the best interest of the child or as set forth in s. 61.13.
§ 61.13001(7), Fla. Stat. (2010).